FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 28 2025

JEFFREY P. COLWELL
CLERK

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

**VINCENT LICATA,** Plaintiff,

v.

# YVONNE "MISSY" WOODS, individually and in her official capacity; [DISTRICT ATTORNEY'S OFFICE / INDIVIDUAL PROSECUTORS], individually and in their official capacities; [CBI SUPERVISORY PERSONNEL / OFFICIALS], individually and in their official capacities; [Any other relevant state actors/officers, e.g., arresting officers, investigators], Defendants.

**Case No.:** [To be assigned by Court] **Jury Trial Demanded**

## FULL COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. § 1983)

### I. INTRODUCTION

1. This is an action for damages and declaratory relief brought pursuant to 42 U.S.C. § 1983, arising from the unconstitutional false arrest, false imprisonment, malicious prosecution, fabrication of evidence, withholding of exculpatory evidence, coerced guilty plea, and the imposition of unadvised probation terms suffered by Plaintiff Vincent Licata at the hands of the Defendants, acting under color of state law.

2. Plaintiff was unjustly deprived of his liberty for approximately three and a half years, coerced into a guilty plea based solely on deliberately manipulated and fabricated DNA evidence by Defendant Yvonne "Missy" Woods, a forensic scientist with the Colorado Bureau of Investigation (CBI). The prosecution, including individual Defendant Prosecutors, then maliciously prosecuted Plaintiff, suppressed critical exculpatory evidence, and later imposed unadvised probation terms, all in violation of Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. The State of Colorado has formally acknowledged the systemic nature of forensic misconduct through the passage of HOUSE BILL 25-1275 (C.R.S. § 16-12-305), which directly addresses misconduct by crime laboratory employees and creates new avenues for post-conviction relief, underscoring the validity of Plaintiff's claims.

4. Plaintiff seeks immediate intervention from this Court to address the ongoing injury of unlawful probation and to seek full compensation for the severe and irreparable damages caused by Defendants' unconstitutional conduct, which has made him a

"poster boy for utter destruction" and a victim of "corruption at its most devastating." Plaintiff has lost all trust in the State of Colorado's ability or willingness to provide a just remedy for these egregious violations, necessitating federal intervention.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 (civil rights) and 1331 (federal question).
6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this Complaint occurred within this District.

## III. PARTIES

7. **Plaintiff VINCENT LICATA** is an adult resident of the State of Colorado. At all times relevant hereto, Plaintiff was a citizen of the United States. He is a white male, age 35, with no prior criminal record.
8. **Defendant YVONNE "MISSY" WOODS** was, at all times relevant hereto, a forensic scientist employed by the Colorado Bureau of Investigation (CBI), acting under color of state law. She is sued in her individual and official capacities.
9. **Defendant [DISTRICT ATTORNEY'S OFFICE / INDIVIDUAL PROSECUTORS]:** [Identify the specific District Attorney's office and/or individual prosecutors by name, if known, who handled Mr. Licata's case]. These Defendants were, at all times relevant hereto, prosecutors acting under color of state law. They are sued in their individual and official capacities.
10. **Defendant [CBI SUPERVISORY PERSONNEL / OFFICIALS]:** [Identify specific CBI supervisors or officials by name, if known, who had oversight of Missy Woods or were aware of her misconduct]. These Defendants were, at all times relevant hereto, supervisory personnel within the CBI, acting under color of state law. They are sued in their individual and official capacities.
11. **Defendant [ANY OTHER RELEVANT STATE ACTORS/OFFICERS]:** [Include names of any specific police officers, investigators, or other state actors who participated in the arrest, investigation, or evidence handling, if their actions directly contributed to the constitutional violations]. These Defendants were, at all times relevant hereto, acting under color of state law. They are sued in their individual and official capacities.
12. The true names and capacities of certain Defendants are presently unknown to Plaintiff, who will amend this Complaint to reflect same when ascertained.

## IV. STATEMENT OF FACTS

13. On or about [Approximate Date of Arrest], Plaintiff Vincent Licata was arrested and subsequently incarcerated based on charges of first-degree sexual assault (C.R.S. 18-3-402(1)(h) and 18-3-402(1)(b)).
14. The initial medical examination of the alleged victim yielded no evidence of sexual penetration, no date rape drugs, and indicated the alleged victim had flushed her system from obvious cocaine use.

15. Despite the initial medical findings, the sole basis for probable cause leading to Plaintiff's arrest and the subsequent charges was DNA evidence purportedly analyzed by Defendant Yvonne "Missy" Woods of the CBI. This DNA evidence was vaguely described as a "partial profile" with 200:1 odds, without specifying the type or precise location, and failed to disclose the presence of six other DNA profiles collected but withheld. The probable cause affidavit had no witnesses or other evidence outside of this manipulated DNA.

16. On or about June 5, 2024, the CBI released an Internal Affairs Report confirming that Defendant Woods "omitted material facts in official criminal justice records" and "tampered with DNA testing by altering or omitting some test results from the case file." The CBI explicitly stated that her tampering was "not detected by CBI's existing review processes."

17. On January 22, 2025, Defendant Woods was formally indicted on 102 felony charges, including Cybercrime (F2), Perjury (F4), Attempt to Influence a Public Servant (F4), and Forgery (F5), directly related to her systemic manipulation of DNA data and evidence in hundreds of criminal cases between 2008 and 2023. Her criminal modus operandi (M.O.) of targeting sexual assault cases, specific tampering methods (e.g., deleting values, falsely reporting "No Male DNA Found" when traces were present, concealing contamination), and the wording of her findings, perfectly match the irregularities in Plaintiff's case.

18. Defendant Woods's known methods of tampering, such as deleting specific values in samples and falsely reporting "No Male DNA Found" when male DNA or contamination was present, directly align with the dubious nature of the DNA findings presented in Plaintiff's case. Internal lab communications ("Gmail .docx") further evidence her direct involvement and potential tampering in Plaintiff's samples ("Missy Woods DA Request"), indicating "obvious issues of tampering, ignorance to procedures and protocol, irregularities and unexplainables in the DNA testing and reporting process."

19. The DNA findings in Plaintiff's case were submitted 1.5 months later than the specified 21-day window after evidence gathering, compromising the integrity of the chain of custody.

20. Plaintiff was subjected to prolonged false imprisonment for approximately three and a half years based on these charges stemming from tainted evidence. This extensive incarceration, without entering the fact-finding phase of adjudication, rendered him highly stressed, depressed, and instilled a profound fear of the justice system, making him a "victim of severe systemic failure."

21. The Defendant Prosecutors initiated and continued criminal proceedings against Plaintiff without probable cause, relying on fabricated evidence and suppressing exculpatory evidence. They allegedly submitted evidence they knew was false and stated on record that Missy Woods did not tamper with the DNA evidence, despite proof to the contrary, actively perpetuating a "fraud on the court."

22. The Defendant Prosecutors suppressed critical exculpatory evidence in violation of *Brady v. Maryland*, including but not limited to:
    ○ The original police report by the initial individual who called the police, which would "infallibly verify the defendant's alibi."

- Information about witnesses who dropped Plaintiff and the alleged victim off, noticed a serious disturbance, and called the police, yet this information was not included in discovery.
- The presence of six other DNA profiles collected but withheld from discovery.
- The initial medical examination finding no sexual penetration.
- Conflicting statements from a key witness, where she first stated Plaintiff dropped the alleged victim "like a sack of potatoes" then later that they "walk[ed] up while cavelli seems dazed and confused," indicating untruth.

23. As a direct result of being falsely imprisoned for approximately three and a half years based on this fabricated evidence and facing a malicious prosecution, Plaintiff was subjected to extreme duress.

24. Plaintiff was coerced into accepting a guilty plea, not as an admission of guilt, but to escape prolonged unlawful detention and restore his liberty. This plea was not made voluntarily, knowingly, or intelligently, due to the reliance on tampered and false evidence and his incapacitated state at a crucial hearing.

25. Plaintiff's motion to withdraw his guilty plea was denied, along with over 5 other motions denied by the court without a single hearing, notice, or legible reason for the order made or denied, hindering every chance at any fair and reasonably effective truth-seeking process.

26. Following the denial of his motion to withdraw, Plaintiff was placed on probation with stipulations that were **not disclosed or advised during the Rule 11 colloquy (or its state equivalent)**. This further undermines the voluntariness and knowing nature of his plea regarding its full consequences.

27. Plaintiff's legal counsel allegedly proved "totally ineffective," refusing to investigate or act upon clear evidence of Defendant Woods's misconduct, despite conversations with another DNA expert confirming fabrication and the obvious issues in Mr. Licata's DNA analysis and findings. Furthermore, during a critical court appearance on August 26, 2021, despite his attorney stating Plaintiff was incapacitated due to a life-threatening injury and serious medications, the proceedings continued, and Plaintiff "forfeit[ed] most of his rights afforded by the Constitution in adjudication of a criminal case."

28. The actions of the Defendants, including Defendant Woods's evidence fabrication, Defendant Prosecutors' malicious prosecution and *Brady* violations, and the systemic failures of Defendant CBI Supervisory Personnel, collectively constitute a series of deliberate acts that deprived Plaintiff of his constitutional rights.

29. On June 2, 2025, HOUSE BILL 25-1275, "CONCERNING MISCONDUCT BY CRIME LABORATORY EMPLOYEES" (C.R.S. § 16-12-305), became effective. This bill creates a statutory framework for addressing cases impacted by such misconduct, serving as legislative acknowledgment of the systemic nature of the problem.

30. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff has suffered, and continues to suffer, severe damages, including but not limited to: severe mental and physical abuse, irreparable mental health deterrents (requiring therapy), loss of hope and faith in the justice system, loss of liberty, loss of reputation and severe stigma (being classified as a convicted felon and sex offender), loss of familial relationships (e.g., estrangement from family, loss of two immediate family members

during imprisonment), economic damages (lost wages, loss of earning capacity, depletion of financial gatherings and property), and legal expenses incurred. This has caused "unfathomable negligence" and made him a "severe Underdog minority." Most observers close to this situation have lost faith in democracy and justice due to a government "we paid to cheat us horrifically make an attempt on our lives."

## V. CAUSES OF ACTION

### COUNT I: FALSE ARREST AND FALSE IMPRISONMENT (Fourth and Fourteenth Amendments)

31. Plaintiff incorporates by reference all preceding paragraphs.
32. Defendants, acting under color of state law, caused the arrest and continued imprisonment (including probation) of Plaintiff without probable cause, based solely on fabricated and manipulated DNA evidence. The probable cause affidavit lacked any independent corroborating evidence.
33. These actions constitute an unreasonable seizure and deprivation of liberty without due process of law, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments. This is an ongoing injury.

### COUNT II: MALICIOUS PROSECUTION (Fourth and Fourteenth Amendments)

34. Plaintiff incorporates by reference all preceding paragraphs.
35. Defendants, including Defendant Prosecutors, initiated and continued criminal proceedings against Plaintiff without probable cause, and with malice, relying on fabricated evidence and suppressing exculpatory evidence.
36. The criminal proceedings were instituted and continued with a reckless disregard for the truth and Plaintiff's constitutional rights, amounting to a "malicious prosecution" and "abuse of process" as described in the provided documents.
37. These actions constitute malicious prosecution in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments. *(Note: This claim is contingent on favorable termination of the underlying criminal proceedings, per Heck v. Humphrey, 512 U.S. 477 (1994), and accrues when the criminal proceeding ends in the defendant's favor, per McDonough v. Smith, 139 S. Ct. 2149 (2019)).*

### COUNT III: FABRICATION OF EVIDENCE (Fourteenth Amendment Due Process)

38. Plaintiff incorporates by reference all preceding paragraphs.
39. Defendant Yvonne "Missy" Woods, acting under color of state law, intentionally fabricated and manipulated DNA evidence to secure Plaintiff's arrest and prosecution.
40. This deliberate fabrication of evidence deprived Plaintiff of his liberty and subjected him to a coerced plea, violating his right to due process of law under the Fourteenth Amendment. This conduct "shocks the conscience" and is not protected by qualified immunity.

### COUNT IV: *BRADY* AND *GIGLIO* VIOLATIONS (Fourteenth Amendment Due Process)

41. Plaintiff incorporates by reference all preceding paragraphs.

42. Defendant Prosecutors, acting under color of state law, suppressed material exculpatory and impeachment evidence, including definitive information about Defendant Woods's misconduct and Plaintiff's alibi-proving police report.

43. The suppression of this evidence deprived Plaintiff of a fair trial and the ability to make a knowing and voluntary plea, violating his right to due process of law under the Fourteenth Amendment. The prosecution's duty to disclose is continuous (e.g., *Cone v. Bell*, 556 U.S. 449 (2009)).

## COUNT V: COERCED AND INVOLUNTARY GUILTY PLEA (Fifth and Fourteenth Amendments)

44. Plaintiff incorporates by reference all preceding paragraphs.

45. Defendants, through the use of fabricated evidence, malicious prosecution, prolonged false imprisonment, and the imposition of unadvised probation terms, created a coercive environment that compelled Plaintiff to enter a guilty plea that was not voluntary, knowing, or intelligent.

46. These actions violated Plaintiff's rights to due process of law under the Fifth and Fourteenth Amendments (e.g., *Boykin v. Alabama*, *Henderson v. Morgan*).

## COUNT VI: INEFFECTIVE ASSISTANCE OF COUNSEL (Fourteenth Amendment Due Process - as a state action through systemic failure or knowing acquiescence)

47. Plaintiff incorporates by reference all preceding paragraphs.

48. Plaintiff was deprived of effective assistance of counsel due to his attorney's alleged failure to investigate, failure to act on critical information regarding Woods's misconduct (despite expert advice), failure to ensure Plaintiff was fully advised of all plea consequences, and failure to halt proceedings when Plaintiff was incapacitated.

49. The systemic nature of the evidence fabrication, coupled with alleged prosecutorial failures and judicial inaction (e.g., continuing proceedings with an incapacitated defendant and denying motions without hearings), may constitute a due process violation by state actors who knew or should have known of the fundamental unfairness (e.g., *Daniels v. Williams*, 474 U.S. 327 (1986)).

## COUNT VII: MUNICIPAL LIABILITY / SUPERVISORY LIABILITY (Fourteenth Amendment)

50. Plaintiff incorporates by reference all preceding paragraphs.

51. Defendant CBI Supervisory Personnel and/or the relevant government entities (e.g., CBI, District Attorney's Office) maintained policies, customs, or practices, or demonstrated deliberate indifference, that led to the constitutional violations alleged herein (e.g., *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

52. Specifically, Defendants failed to adequately train, supervise, or investigate their employees (including Defendant Woods and Defendant Prosecutors) despite knowledge or constructive knowledge of patterns of misconduct or high risk of constitutional violations (e.g., prior alerts regarding Woods's work, the 21-day evidence submission

rule violation, the systemic issues acknowledged by HB 25-1275). This deliberate indifference led to the fabrication of evidence, malicious prosecution, and other constitutional harms suffered by Plaintiff.

## COUNT VIII: CRUEL AND UNUSUAL PUNISHMENT (Eighth and Fourteenth Amendments)

53. Plaintiff incorporates by reference all preceding paragraphs.
54. Plaintiff's prolonged false imprisonment for approximately three and a half years, based on fabricated evidence and under the circumstances described, constitutes cruel and unusual punishment in violation of the Eighth Amendment, made applicable to the states through the Fourteenth Amendment. This includes the severe mental and physical abuse, irreparable mental health deterrents, and loss of family suffered during this period.

## VI. DAMAGES

55. As a direct and proximate result of the Defendants' unconstitutional conduct, Plaintiff Vincent Licata has suffered, and continues to suffer, severe damages, including but not limited to: a. Loss of liberty and unlawful incarceration for approximately three and a half years. b. Severe emotional distress, mental anguish, and psychological trauma. c. Irreparable damage to his mental health, requiring ongoing therapy. d. Loss of reputation and severe stigma (being classified as a convicted felon and sex offender). e. Loss of familial relationships (e.g., estrangement from family, loss of two immediate family members during imprisonment). f. Economic damages, including lost wages, loss of earning capacity, and other financial losses, and depletion of financial gatherings and property. g. Legal expenses incurred in defending the underlying criminal case and in pursuing this civil action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vincent Licata respectfully prays for judgment against Defendants, jointly and severally, as follows:

1. For compensatory damages in an amount to be proven at trial, sufficient to compensate Plaintiff for all past and future damages suffered.
2. For punitive damages against each Defendant in their individual capacities, in an amount sufficient to punish them for their malicious, oppressive, or reckless disregard of Plaintiff's constitutional rights, and to deter similar conduct in the future.
3. For a declaratory judgment that Defendants violated Plaintiff's constitutional rights as alleged herein.
4. For costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988.
5. For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED.

**Dated:** [Date] 7/19/25

**Respectfully submitted,**

VINCENT LICATA [Your Address or Inmate Number]

848 s Dexter, Denver, Co. 80246

720-905-7696

Horvesy007@gmail.com